**Monica J. HUBBARD, Appellant–Plaintiff,**

v.

**COLUMBIA WOMEN'S HOSPITAL OF INDIANAPOLIS, Susan Kindig, M.D., Lynda Smirz, M.D., Tracy Dlott, M.D., and Women's Health Alliance, P.C., Appellees–Defendants.**

No. 49A04–0306–CV–301.

Court of Appeals of Indiana.

April 26, 2004.

Karen B. Neiswinger, Indianapolis, IN, Attorney for Appellant.

David S. Allen, Julia Blackwell Gelinas, Lucy R. Dollens, Locke Reynolds LLP, James W. Brauer, Stewart & Irwin, John David Hoover, Hoover Hull Baker & Heath LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Monica Hubbard ("Hubbard") appeals the dismissal without prejudice, pursuant to Indiana Trial Rule 12(B)(1), of her personal injury complaint against Columbia Women's Hospital of Indianapolis, Susan Kindig, M.D., Lynda Smirz, M.D., Tracy Dlott, M.D., and Women's Health Alliance, P.C. (collectively, "Health Care Providers"). We affirm.

## Issue

Hubbard presents for review the sole issue of whether the trial court erroneously dismissed her complaint for lack of subject matter jurisdiction.

## Facts and Procedural History

On December 17, 2002, Monica Hubbard filed her "Proposed Complaint for Personal Injuries" with the Indiana Department of Insurance, alleging that the Health Care Providers failed to comply with the applicable standard of care during her pregnancy. (App.30.) Contemporaneously, Hubbard filed her "Complaint for Personal Injuries" with the Marion County Circuit Court Clerk, identifying each of the Health Care Providers by name. (Supp. App.1.)

On January 24, 2003, Lynda Smirz, M.D. filed her motion to dismiss for lack of subject matter jurisdiction, alleging that Hubbard could not properly commence a court action for medical malpractice against a qualified health care provider[1] before the proposed complaint had been presented to a medical review panel and the panel rendered an opinion. Hubbard responded to the motion for dismissal and filed a "Motion to Seal Identifying Information." (App.3.)

On February 5, 2003, Columbia Hospital filed its motion to dismiss for lack of subject matter jurisdiction and requested a hearing on the matter. On March 7, 2003, Susan Kindig, M.D., Tracy Dlott, M.D., and Women's Health Alliance filed their joint motion to dismiss. The motions to dismiss were accompanied by affidavits indicating that each of the Health Care Providers was a "qualified health care provider" under the Indiana Medical Malpractice Act, Indiana Code Section 34–18–1–1, et seq., ("the Act"). Hubbard responded, renewing her request for a protective order to prevent disclosure of identifying information.

On April 14, 2003, the trial court held a consolidated hearing on the respective motions to dismiss for lack of subject matter jurisdiction. On April 16, 2003, the trial court entered an order providing in pertinent part as follows:

> Defendant, Columbia Women's Hospital, by counsel, having filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction, and the hearing having been held on April 14, 2003, and the Court having considered the parties' briefs and arguments, now finds that the defendant's Motion to Dismiss should be granted[.]

(Supp.App.9.) Although the order contained no specific reference to the Health Care Providers other than Columbia Women's Hospital, subsequent case activity report entries indicated: "Case has been dismissed" and "Case status is changed from open to disposed." (App.6.) On May 15, 2003, Hubbard filed a "Motion to Vacate Order Dismissing Plaintiff's Lawsuit for Lack of Subject Matter Jurisdiction." (App.68.) The case was redocketed.

On May 16, 2003, Hubbard filed her motion to correct error. In the motion to correct error, Hubbard claimed the existence of "an issue regarding coverage of Women's Health Alliance under the [Indiana Medical] Malpractice Act." (App.80.) On May 20, 2003, the trial court denied Hubbard's motion to correct error, including within its order the language: "There being no just cause for delay, this

---

1. Indiana Code Section 34–18–2–24.5 provides that a "qualified" health care provider is a health care provider that has complied with the procedures set forth in Indiana Code Section 34–18–3 (including filing proof of financial responsibility and payment of a yearly surcharge).

shall be deemed a final judgment." (App.82.)

On May 29, 2003, Health Care Providers filed a joint motion for Nunc Pro Tunc Entry, seeking clarification of whether the trial court's order of dismissal encompassed each of the defendants. On June 19, 2003, Hubbard filed a motion to certify for interlocutory appeal the trial court's orders of April 16, 2003 and May 20, 2003. Contemporaneously, Hubbard filed a Notice of Appeal.

On June 25, 2003, Women's Health Alliance filed a response in opposition to Hubbard's motion for certification, and contended that an employee of the Indiana Department of Insurance had verbally verified the status of Women's Health Alliance as a qualified health care provider under the Act, and that written verification was forthcoming. On June 30, 2003, the trial court certified its orders of April 16, 2003 and May 20, 2003 for interlocutory appeal.

On July 24, 2003, Hubbard filed with this Court her Motion to Accept Jurisdiction over Interlocutory Appeal, which the Health Care Providers opposed. On September 8, 2003, this Court issued an order, which provided in pertinent part as follows:

> On December 17, 2002, Appellant filed a medical malpractice complaint against the Appellees with the Indiana Department of Insurance. On that same day, Appellant filed a personal injury claim and a proposed personal injury claim in the trial court. The Appellees moved to dismiss the trial court case on grounds of lack of subject matter jurisdiction.
>
> The trial court dismissed the case (without prejudice) on April 16, 2003. Appellant filed a Motion to Correct Error on May 16, 2003. Appellant's Motion was denied by the trial court on May 20, 2003. Although the trial court's May 20th order was "deemed a final judgment," Appellant argues that the May 20th order cannot be a final judgment because it does not dispose of all of the claims in the action.
>
> To protect her right to appeal the denial of the Motion to Correct Error, Appellant filed a Notice of Appeal of the May 20th order on June 19, 2003. However, on that same day, Appellant also filed with the trial court a Motion to Certify Orders for Interlocutory Appeal. Appellant's Motion requested that the trial court certify for interlocutory appeal the April 16th and May 20th orders. The trial court granted Appellant's Motion to Certify on June 30, 2003.
>
> The Court having examined these matters, and being duly advised, now FINDS AND ORDERS:
>
> (1) The trial court dismissed Appellant's case (without prejudice) on April 16, 2003.
>
> (2) Thereafter, Appellant filed a Motion to Correct Error.
>
> (3) A motion to correct error is filed after the entry of a final judgment or a final appealable order. Indiana Trial Rule 59(C).
>
> (4) The trial court denied Appellant's Motion to Correct Error on May 20, 2003, and deemed the order a final judgment.
>
> (5) Because the May 20th order Appellant seeks to appeal is a final judgment, Appellant's Motion to Accept Jurisdiction over Interlocutory Appeal is inappropriate.
>
> (6) Accordingly, Appellant's Motion to Accept Jurisdiction over Interlocutory Appeal is DENIED.
>
> (7) The parties to the action are directed to proceed with the appeal, filed under the above-listed cause

number, in accordance with the Rules of Appellate Procedure.

As ordered, the parties proceeded with the direct appeal of the denial of Hubbard's motion to correct error, a final judgment.

## Discussion and Decision
### Standard of Review

Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings then before the court belong. *Weldon v. Universal Reagents, Inc.*, 714 N.E.2d 1104, 1106 (Ind.Ct.App.1999). Lack of subject matter jurisdiction may be raised by the parties or the court at any time, including on appeal. *Id.* The court must determine whether the claim involved falls within the general scope of authority conferred on it by the Indiana Constitution or by statute. *Putnam County Hosp. v. Sells*, 619 N.E.2d 968, 970 (Ind.Ct.App.1993).

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider the complaint, motion and any affidavits or evidence submitted in support. *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind.2001). The standard of review for Ind. Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court. *Id.* at 401. The standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a paper record. *Id.*

If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded the trial court's conclusion. *Id.* On the other hand, if the facts before the trial court are in dispute and the trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. *Id.* When the facts are in dispute but the trial court rules on a paper record without conducting an evidentiary hearing, no deference is afforded the trial court's findings or judgment. *Id.* The ruling of the trial court is presumptively correct. *Id.* Nevertheless, this Court will review issues of statutory interpretation *de novo*. *Romine v. Gagle*, 782 N.E.2d 369, 379 (Ind.Ct.App. 2003), *trans. denied.*

### Jurisdiction

Health Care Providers moved to dismiss Hubbard's complaint for lack of subject matter jurisdiction, because Hubbard failed to comply with the prerequisites of Indiana Code Section 34–18–8–4, which provides in pertinent part as follows:

[A]n action against a health care provider may not be commenced in a court in Indiana before:

(1) the claimant's proposed complaint has been presented to a medical review panel established under IC 34–18–10 (or IC 27–12–10 before its repeal); and

(2) an opinion is given by the panel.

Thus, in Indiana an action may not be commenced against a health care provider until a medical review panel has reviewed the proposed complaint and rendered an opinion. *Thomas v. Deitsch*, 743 N.E.2d 1218, 1220 (Ind.Ct.App.2001). However, pursuant to Indiana Code Section 34–18–11–2(b), "[t]he filing of a copy of the proposed complaint and motion with the clerk confers jurisdiction upon the court over the subject matter and the parties to the proceeding for the limited purposes stated in this chapter[.]" [2] The "limited

---

**2.** As Hubbard observes, effective April 1, 2002, Indiana Trial Rule 3 provides: "A civil action is commenced by filing with the court a complaint or such equivalent pleading or

purposes" may include the taxation and assessment of costs or the allowance of expenses, including attorney's fees. *Id.* According to Indiana Code Section 34–18–11–1, a court having jurisdiction over the subject matter and the parties to a proposed complaint may (1) preliminarily determine an affirmative defense or issue of law or fact not reserved for written opinion by the medical review panel by statute or (2) compel discovery.

 Hubbard's proposed complaint for medical malpractice has not yet been submitted to a medical review panel. As such, neither party to this appeal claims that the trial court has subject matter jurisdiction to rule on the merits of Hubbard's medical malpractice claim at this time. Rather, we are concerned with whether Hubbard properly invoked the limited jurisdiction of the trial court under the Act, such that the dismissal of the complaint for lack of subject matter jurisdiction would be inappropriate.

 Indiana Code Section 34–18–8–7, entitled "Commencement of action while claim being considered by medical review panel," provides in pertinent part as follows:

Notwithstanding section 4 of this chapter, beginning July 1, 1999, a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel. In order to comply with this section, the:

(1) complaint filed in court may not contain any information that would allow a third party to identify the defendant;

(2) claimant is prohibited from pursuing the action; and

(3) court is prohibited from taking any action except setting a date for trial, an action under IC 34–18–8–8 [motion to dismiss] ... or an action under IC 34–18–11 [discovery; preliminary rulings][.]

Hubbard did not comply with the requirements of the foregoing statute. Specifically, Hubbard filed a complaint that contained information that would allow a third party to identify the defendants, in contravention of subsection (a)(1).[3] "The proper course of action when a plaintiff fails to comply with the Act is for the trial court to dismiss the complaint without prejudice, thereby allowing the plaintiff to refile after the medical review panel has issued its opinion." *St. Anthony Med. Center, Inc. v. Smith,* 592 N.E.2d 732, 736 (Ind.Ct.App. 1992).[4] An order "sealing identifying information," as requested by Hubbard,

document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary." The practical effect of T.R. 3, in conjunction with I.C. 34–18–8–7, is that a health care provider must be identified in the summons to effect service, but must remain anonymous (during the pendency of the medical review panel proceedings) in a complaint filed in state court. Arguably, the health care provider's privacy protection is diminished because a copy of the summons will be contained within the court file. However, the 2002 amendment to T.R. 3 relative to summons does not, as Hubbard strenuously argues, eviscerate the re-

quirement of anonymity in medical malpractice complaints embodied within I.C. 34–18–8–7.

3. Ind.Code Section 34–18–8–7(b) provides as follows: "Upon satisfaction of section 4 of this chapter, the identifying information described in subsection (a)(1) shall be added to the complaint by the court."

4. Ind.Code Section 34–18–7–3 provides in pertinent part as follows: "The filing of a proposed complaint tolls the applicable statute of limitations to and including a period of ninety (90) days following the receipt of the opinion of the medical review panel by the claimant." As such, the general statute of

would not comport with the requirements of the Act.[5] As such, the trial court properly dismissed Hubbard's complaint without prejudice.

Finally, we address Hubbard's claim that, even if dismissal is appropriate for the other Health Care Providers, dismissal is inappropriate for Women's Health Alliance, because Women's Health Alliance "is apparently not qualified under the Act." Appellant's Br. at 24.[6] If the facts before the trial court are in dispute, our review focuses on whether the trial court conducts an evidentiary hearing. *In re Paternity of Baby W*, 774 N.E.2d 570, 575 (Ind.Ct.App.2002), *trans. denied.* Where the trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. *Id.* Here, the averments of the pleadings and affidavits before the trial court did not reveal a factual dispute on this issue. The trial court conducted an evidentiary hearing, at which the position taken by both Hubbard and Women's Health Alliance was that Women's Health Alliance was a "qualified" health care provider under the Act. As previously stated, the ruling of the trial court is presumptively correct. *GKN Co.*, 744 N.E.2d at 401. Although Hubbard, subsequent to the evidentiary hearing, claimed an "issue" as to the status of Women's Health Alliance existed, she did not attempt to present newly discovered evidence to the trial court.[7] This Court does not resolve factual disputes *de novo*. *Id.*

The trial court was without subject matter jurisdiction to rule upon the merits of a medical malpractice complaint filed before a medical review panel rendered an opinion. Although the Act prescribes a procedure for invoking the subject matter jurisdiction of the trial court for limited purposes pending a medical review panel opinion, Hubbard did not comply with the statutory mandate of anonymity. Accordingly, the trial court properly dismissed Hubbard's complaint, without prejudice.

Affirmed.

RILEY, J., and DARDEN, J., concur.

---

limitations is not shortened, and a medical malpractice complaint may be brought within the applicable statute of limitations or within 90 days of the patient's receipt of the opinion of the medical review panel, whichever is later. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993).

5. Hubbard requested that the trial court "seal" the identifying information in her complaint, relying upon Indiana Trial Rule 3.1(D), which prescribes that, in proceedings involving a protection from abuse order, a workplace violence restraining order, a no-contact order, or a proceeding that is confidential pursuant to Administrative Rule 9, identifying information shall be confidential and/or filed under seal as provided by statute and/or administrative rules. However, the Act specifies that medical malpractice complaints filed prior to the rendition of the medical review panel opinion may not contain identifying information. We will not place upon the trial court the onerous burden of protecting the identity of each named health care provider when a medical malpractice plaintiff does not comply with statutory requirements.

6. According to the parties' appellate briefs, the Indiana Department of Insurance has issued conflicting letters as to whether Women's Health Alliance is a "qualified" health care provider under the Act, with the most recent letter indicating that Women's Health Alliance is qualified. The letter or letters were not submitted at the evidentiary hearing.

7. Indiana Trial Rule 59(H) provides that, when a motion to correct error is based on evidence outside the record, the motion shall be supported by an affidavit showing the truth of the grounds asserted and served with the motion to correct error.