ATTORNEY FOR APPELLANT
Jon R. Pactor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
John C. Trimble
Lisa M. Dillman
LEWIS WAGNER, LLP
Indianapolis, Indiana

In the

Indiana Supreme Court

No. 72S04-0609-CV-332

EUSEBIO KHO, M.D.,                                          *Appellant (Plaintiff below),*

v.

DEBORAH PENNINGTON,
FINDLING GARAU GERMANO & PENNINGTON, P.C., and
RUBY MILLER                                          *Appellees (Defendants below).*

Appeal from the Scott Circuit Court, No. 72C01-0301-CT-4
The Honorable Roger Duval, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 72A04-0507-CV-373

**September 19, 2007**

**Dickson, Justice.**

The Indiana Medical Malpractice Act generally requires that actions for medical negligence against health care providers must first be submitted to and considered by a medical review panel. For limited purposes, the Act permits such actions to be contemporaneously filed in court, provided that the complaint contains no information that would allow the defendant provider(s) to be identified. We hold that the violation of this defendant identity confidentiality provision may be actionable.

In January 2001, Ruby Miller, as personal representative of the Estate of Tracy Merle

Lee, deceased, filed with the Indiana Department of Insurance a proposed complaint for damages claiming that medical negligence by a hospital and various physicians and health care providers caused the death of Lee. Under the Indiana Medical Malpractice Act, such a filing triggers proceedings leading to the presentation of the claim to a medical review panel before the cause of action is filed in court.[1] Before any consideration by a medical review panel, however, this medical malpractice claimant also filed her complaint in Scott Circuit Court. After one of the named defendants in that action, Eusebio Kho, M.D., filed a motion for summary judgment alleging that he had not provided medical care to Tracy Merle Lee, the malpractice claimant and her lawyers voluntarily dismissed Dr. Kho from the lawsuit by stipulation.

Dr. Kho subsequently commenced an action against Ruby Miller, the malpractice claimant, her attorney, Deborah K. Pennington, and the attorney's law firm, Findling Garau Germano & Pennington, P.C., seeking damages for "emotional suffering, embarrassment, undue negative publicity, injury to his reputation, and mental distress" resulting from his being falsely named in the malpractice lawsuit, which he claims was filed without probable cause and with malice. Appellant's App'x at 11. The malpractice claimant and her attorneys sought and obtained summary judgment against the doctor. The doctor appealed, claiming: (1) the evidence demonstrates that the patient and her lawyers had neither subjective nor objective probable cause for their allegations of medical malpractice against Dr. Kho, and thus he was entitled to summary judgment on this issue; (2) the lawyers lacked probable cause or any other legal basis to name Dr. Kho in a medical malpractice action filed in court before their claim was considered by a medical review panel; (3) a genuine issue of fact exists regarding the lawyers' malice in naming Dr. Kho in the complaint filed in court; (4) the trial court should have refused the expert affidavit presented in support of summary judgment; (5) separate from the malicious prosecution claim, Dr. Kho had valid independent damage claims for statutory negligence or for a private right of action for a statutory violation; and (6) the lawyers' assertion of *res judicata* is meritless. The Court of Appeals affirmed the trial court's grant of summary judgment against the doctor. Kho v. Pennington, 846 N.E.2d 1036, 1048 (Ind. Ct. App. 2006). We granted transfer to address one issue:

---

[1] The Indiana Medical Malpractice Act requires the preliminary filing of proposed medical negligence complaints with the Department of Insurance, which filing precipitates the selection and convening of a medical review panel and its consideration of the claim. *See* Ind. Code §§ 34-18-8-4, 34-18-10-1 through -26 (1998).

2

whether violation of the defendant identity confidentiality provision of Indiana Code § 34-18-8-7 in the Indiana Medical Malpractice Act may give rise to an action for damages. As to all other issues,[2] we decline review of the opinion of the Court of Appeals and summarily affirm. Ind. Appellate Rule 58(A)(2).

Independent from his claim of malicious prosecution, the doctor contends the trial court erroneously granted summary judgment in favor of the claimant and her attorneys with respect to the doctor's claims for statutory negligence and for a private right of action arising from their violation of a statutory provision prohibiting the identification of a defendant health care provider in an action filed in court before the claim is submitted to and considered by a medical review panel.[3]

The Indiana Medical Malpractice Act generally requires that claims seeking more than $15,000 in damages must first be considered by a duly constituted medical review panel before such action is filed in court. Ind. Code § 34-18-8-4 ("section 4"). Section 4 generally prohibits the commencement of an action in court against a health care provider until both "the claimant's

---

[2] The malpractice claimant and her attorneys also assert that the doctor's claim for damages for violation of the defendant identity confidentiality provision is barred by *res judicata*. In the claimant's prior medical negligence action against Dr. Kho and others, the trial court denied Dr. Kho's motion to dismiss asserting lack of subject matter jurisdiction by reason of such statutory violation. The Court of Appeals expressly declined to address the *res judicata* contention. Kho, 846 N.E.2d at 1040 n.1. We find it without merit. The denial of the doctor's motion to dismiss did not represent an adjudication of whether the statutory requirement was violated or whether the violation could give rise to an action for damages for the violation.

[3] This contention is expressly presented on appeal. Appellant's Br. at 1, 8, 24-25. The doctor correctly argues that the motion for summary judgment filed by the claimant and her attorneys addressed only the issue of malicious prosecution and that, as non-moving party, the doctor was "not obligated to address issues not raised by the motion." *Id.* at 24. And he expressly asserts that under his complaint, he "has a claim for statutory negligence for violation of the statute." *Id.* at 26. The doctor's complaint specifically alleged that the malpractice plaintiff and her lawyers violated the defendant confidentiality statute, *id.* at 10, thus providing sufficient notice to permit the doctor to proceed on the alternative theories of statutory negligence or private cause of action. *See* Ind. Trial Rule 8(A)(1). When the trial court not only granted the summary judgment motion, but then also ordered the entry of final judgment, Appellant's App'x at 4, the doctor filed a motion to correct error expressly arguing the summary judgment motion addressed only the issue of malicious prosecution and that the doctor's complaint embraced other alternative theories, namely "statutory negligence and a private right of action," which the motion for summary judgment never addressed. *Id.* at 216-17. At the hearing on the doctor's motion to correct error, the trial court expressly rejected this contention. *Id.* at 250. The doctor clearly challenges this ruling on appeal.

proposed complaint has been presented to a medical review panel" and "an opinion is given by the panel." *Id.* But a conditional exception is provided:

> (a) Notwithstanding section 4 of this chapter, beginning July 1, 1999, a claimant may commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel. In order to comply with this section, the:
>
>> (1) complaint filed in court *may not contain any information that would allow a third party to identify the defendant*;
>>
>> (2) claimant is prohibited from pursuing the action; and
>>
>> (3) court is prohibited from taking any action except setting a date for trial, an action under IC 34-18-8-8 [dismissal of action for failure to prosecute], or an action under IC 34-18-11 [preliminary determination of affirmative defense or issue of law or fact; discovery];
>
> until section 4 of this chapter has been satisfied.
>
> (b) Upon satisfaction of section 4 of this chapter, the identifying information described in subsection (a)(1) shall be added to the complaint by the court.

Ind. Code § 34-18-8-7 (emphasis added).


The malpractice complaint filed in Scott Circuit Court repeatedly and explicitly named Dr. Kho and the other defendant health care providers. The trial court's initial order granting summary judgment against the doctor did not provide details. But its order denying the doctor's subsequent motion to correct error included consolidated findings of fact and conclusions of law, among which were findings: (a) that Indiana Code § 34-18-8-7 [the defendant identity confidentiality requirement] "provides for no manner of relief to a doctor improperly named in a malpractice suit"; (b) that it "fails to set out a manner of relief for someone such as Kho [the doctor] who has within that statute clearly been improperly named in a malpractice suit"; and (c) that "Miller and Pennington [the malpractice claimant and her lawyers] did violate the provisions of I.C. 34-18-8-7," but "the violation of that statute does not relieve Kho from proving the elements of his malicious prosecution claim." Appellant's App'x at 7.

We address the doctor's appellate contention that the summary judgment erroneously precluded his theories asserting "a private right of action and statutory negligence" arising from the

violation of the identity confidentiality provision in Indiana Code § 34-18-8-7(a)(1) by the malpractice claimant and her lawyers. Appellant's Br. at 25.

The malpractice claimant and her lawyers respond that (a) the statutory identity confidentiality provision "is a purely procedural statute that does not create a substantive cause of action," Appellees' Br. at 15, and (b) the doctor's claim is "disingenuous" because the statutory provision does not guarantee anonymity in light of other sources by which the identity of a defendant health care provider may be discovered, *id*. at 19.

Indiana courts have a long and continuous history of recognizing negligence actions for statutory violations. City of Indianapolis v. Garman, 848 N.E.2d 1087, 1088 (Ind. 2006) (violation of statutory duty requiring operation of emergency vehicles with due regard for the safety of all persons); Patrick v. Miresso, 848 N.E.2d 1083, 1087 (Ind. 2006) (same); City of Gary v. Smith & Wesson Corp., 801 N.E.2d 1222, 1234-1235 (Ind. 2003) (violation of gun registration laws); Canfield v. Sandock, 563 N.E.2d 1279, 1283 (Ind. 1990) (violation of statutory duties of pedestrians); Clipp v. Weaver, 451 N.E.2d 1092, 1094 (Ind. 1983) (violation of statutory standard of care owed by boat operators); Corey v. Smith, 233 Ind. 452, 455, 120 N.E.2d 410, 411-12 (1954) (violation of statute prohibiting certain types of farm animals from running at large on the highway or other people's property); Northern Indiana Transit, Inc. v. Burk, 228 Ind. 162, 172, 89 N.E.2d 905, 909 (1950) (violation of statute regulating standing or parking of vehicles); Indiana & Chicago Coal Co. v. Neal, 166 Ind. 458, 460, 77 N.E. 850, 850 (1906) (acknowledging "the general rule": "In every case, where a statute enacts, or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of the wrong done to him contrary to said law.").[4] The violation of a duty

---

[4] For similar opinions from the Court of Appeals, *see* Am. United Life Ins. Co. v. Douglas, 808 N.E.2d 690, 705 (Ind. Ct. App. 2004) (violation of "state statutory and federal regulatory law in selling the product"), *trans. denied*; Phoenix Natural Res., Inc. v. Messmer, 804 N.E.2d 842, 847-48 (Ind. Ct. App. 2004) (violation of Flood Control Act by mining company), *reh'g denied*; Indian Trucking v. Harber, 752 N.E.2d 168, 172-73 (Ind. Ct. App. 2001) (violation of Federal Motor Carrier Safety Regulations incorporated into Indiana statutory law), *trans. not sought*; Lever Bros. Co. v. Langdoc, 655 N.E.2d 577, 580-81 (Ind. Ct. App. 1995) (violation of a city sewer use ordinance), *trans. not sought*; Rubin v. Johnson, 550 N.E.2d 324, 329 (Ind. Ct. App. 1990) (violation of gun restriction laws), *trans. denied*; Ray v. Goldsmith, 400 N.E.2d 176 (Ind. Ct. App. 1980) (violation of municipal ordinance governing abandoned refrigera-

fixed or prescribed by statute is often described as negligence *per se*. New York Cent. R.R. Co. v. Glad, 242 Ind. 450, 457, 179 N.E.2d 571, 574 (1962); Larkins v. Kohlmeyer, 229 Ind. 391, 398, 98 N.E.2d 896, 899 (1951); Prest-O-Lite Co. v. Skeel, 182 Ind. 593, 600, 106 N.E. 365, 368 (1914). As recently explained by the Court of Appeals, the unexcused violation of a statutory duty constitutes negligence *per se* "if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation." Plesha v. Edmonds ex rel. Edmonds, 717 N.E.2d 981, 986 (Ind. Ct. App. 1999) (citing French v. Bristol Myers Co., 574 N.E.2d 940, 943 (Ind. Ct. App. 1991), *trans. denied*), *trans. denied*; *see also* State v. Snyder, 732 N.E.2d 1240, 1244 (Ind. Ct. App. 2000), *trans. not sought*; Lever Bros. Co. v. Langdoc, 655 N.E.2d 577, 580 (Ind. Ct. App. 1995), *trans. not sought*; Rubin v. Johnson, 550 N.E.2d 324, 329 (Ind. Ct. App. 1990), *trans. denied*; Smith v. Cook, 172 Ind.App. 610, 613, 361 N.E.2d 197, 199 (1977), *trans. not sought*. The fact that a statutory violation may result in a separate harm or penalty "will not prevent an action for damages resulting therefrom." French, 574 N.E.2d at 943.

The doctrine of statutory negligence has long been a well-accepted component of American jurisprudence. It is reflected in Restatement (Second) of Torts §§ 285 and 286 (1965), and is discussed extensively in authoritative treatises. *See, e.g.,* 1 Dan B. Dobbs, The Law of Torts, 311-334 (§§ 133-142) (2001); William L. Prosser, Handbook of the Law of Torts, 190-205 (1971).

Restatement section 285, entitled "How Standard of Conduct Is Determined," includes in relevant part the following: "The standard of conduct of a reasonable man may be (a) established by a legislative enactment or administrative regulation which so provides, or (b) adopted by the court from a legislative enactment or an administrative regulation which does not so provide …" Restatement section 286 provides:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
> (a) to protect a class of persons which includes the one whose interest is invaded, and
> (b) to protect the particular interest which is invaded, and

---

tors), *trans. denied*; Cook v. Ormsby, 45 Ind.App. 352, 354-55, 89 N.E. 525, 526 (1909) (violation of statute requiring that manufacturing establishments guard all saws while in use), *trans. denied*.

6

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 286.

The purpose and function of the defendant identity confidentiality requirement of Indiana Code § 34-18-8-7(a)(1) supports the doctor's cause of action for negligence. This Court has recognized that "the dominant aim" of the Medical Malpractice Act as a whole "is to preserve health care services for the community." Johnson v. St. Vincent Hosp., 273 Ind. 374, 388, 404 N.E.2d 585, 595 (1980), *overruled in part on unrelated issue by* In re Stephens, 867 N.E.2d 148, 156 (Ind. 2007). And we unanimously observed that the defendant identity confidentiality requirement of Indiana Code § 34-18-8-7 serves to "disfavor subjecting a health care provider to public accusations of medical malpractice until after such claim is presented to a medical review panel." Schriber v. Anonymous, 848 N.E.2d 1061, 1065 n.3 (Ind. 2006). While permitting a court filing of a medical negligence action before its consideration by a medical review panel is complete,[5] the statute expressly demands that such a court-filed complaint "not contain any information that would allow a third party to identify the defendant." Ind. Code § 34-18-8-7(a)(1). This language makes clear the risk of harm against which the statute is directed.

The parties do not dispute that Dr. Kho falls within the class of persons intended for protection by this statutory provision. And the nature of the damages sought by the doctor falls within the risk of the type of harm against which the statute is directed. In addition to specifically claiming the violation of this statutory provision, Dr. Kho's complaint alleges resulting damages including embarrassment, undue negative publicity, and injury to his reputation. Appellant's App'x at 11.

---

[5] Such a contemporaneous court filing may, for example, facilitate the compelling of discovery or the preliminary judicial determination of an affirmative defense or issue of law or fact not reserved for written opinion by the medical review panel. *See* Ind. Code § 34-18-11-1. It may also enable a malpractice plaintiff to comply with the applicable statute of limitations in the event one of the named defendants is later determined not to be covered by the Act's provisions that toll the statute of limitations upon the filing of a proposed complaint with the Department of Insurance. *See* Ind. Code § 34-18-7-3; *see also, e.g.*, Schriber v. Anonymous, 848 N.E.2d 1061, 1065 n.3 (Ind. 2006); Miller v. Terre Haute Regional Hosp., 603 N.E.2d 861, 863 (Ind. 1992); Guinn v. Light, 558 N.E.2d 821, 824 (Ind. 1990); Lusk v. Swanson, 753 N.E.2d 748, 751-752 (Ind. Ct. App. 2001), *trans. denied.*

The circumstances presented by this case provide a particularly apt example of the statute's intended purpose. In medical malpractice cases, plaintiffs are often challenged to timely identify which of several health care providers or related entities potentially may share legal responsibility for an alleged medical error, and to determine which may be covered by the protections of the Medical Malpractice Act. Here, the malpractice claimant's proposed complaint filed with the Department of Insurance initially named a hospital and two physicians, and was shortly thereafter amended to add the name of the corporation alleged to have employed one of the physicians. *Id*. at 58-60, 62-63. Dr. Kho's name pervasively appeared throughout the medical records pertinent to the malpractice complaint, apparently because he was on call as a local family physician for any emergency room patient without a doctor. *Id.* at 27-35. But in the course of ensuing discovery, Dr. Kho was able to document his complete lack of any actual involvement in the emergency room treatment on which the malpractice complaint was based. Approximately six months after commencing the claim, the malpractice claimant agreed to a stipulation in which she voluntarily dismissed her action against Dr. Kho. *Id.* at 166. The discovery of necessary information and resulting voluntary dismissal nevertheless could likely have been accomplished without presenting risks to Dr. Kho's reputation by either utilizing the medical review panel proceedings or complying with the statutory defendant identity confidentiality requirement.

The malpractice claimant and her lawyers argue that prior appellate opinions have held that, because of the non-substantive procedural nature of the Indiana Medical Malpractice Act, it did not create any new causes of action. <u>Chamberlain v. Walpole</u> contained passages declaring that the Medical Malpractice Act "does not create new substantive rights or create new causes of action," and repeating that the Act "is procedural and did not create new causes of action." 822 N.E.2d 959, 963 (Ind. 2005). Neither <u>Chamberlain</u> nor <u>Breece v. Lugo</u>, 800 N.E.2d 224, 227-28 (Ind. Ct. App. 2003), *trans. denied*, which it cited, involved any claimed violation of the statutory defendant identity confidentiality requirement. Both opinions, rather, rejected attempts to expand the Act to create new causes of action for wrongful death resulting from medical malpractice. But these holdings, and their accompanying language emphasizing the procedural nature of the Act, do not apply to or prevent application of Indiana's traditional doctrine permitting negligence actions for the violation of express statutory duties such as those created in the defendant identity confidentiality statute.

8

The malpractice claimant and her lawyers also defend the trial court's grant of summary judgment by arguing that "the *only* proper remedy for filing the complaint in contravention of the statute was dismissal of the lawsuit without prejudice." Appellee's Br. at 17 (citing Hubbard v. Columbia Women's Hosp., 807 N.E.2d 45, 51-52 (Ind. Ct. App. 2004)). In Hubbard, a medical malpractice claimant filed a proposed complaint seeking submission and consideration of her claim by a medical review panel and contemporaneously filed a court action that expressly identified each of the defendant health care providers by name. The trial court dismissed the court malpractice action for lack of subject-matter jurisdiction, and the Court of Appeals affirmed because Hubbard did not comply with the statutory mandate for anonymity. Hubbard, 807 N.E.2d at 52. The court stated that "'[t]he proper course of action when a plaintiff fails to comply with the Act is for the trial court to dismiss the complaint without prejudice, thereby allowing the plaintiff to refile after the medical review panel has issued its opinion.'" *Id*. at 51 (quoting St. Anthony Med. Center, Inc. v. Smith, 592 N.E.2d 732, 736 (Ind. Ct. App. 1992), *trans. denied*). But there was no issue presented or discussed in Hubbard (or in St. Anthony Med. Center) regarding whether the health care providers could pursue a statutory negligence action for such violation. These rulings regarding the propriety of dismissing a malpractice complaint that specifically identified defendant health care providers contrary to statute are not relevant to whether such providers may thereafter assert a statutory negligence action against the malpractice claimant for such violation. Moreover, the mere dismissal of a complaint for malpractice filed in violation of the defendant confidentiality requirement is wholly ineffectual to prevent or remedy the harm to a defendant physician's reputation that results from media coverage of the court filing.[6]

The claimant and her attorneys also argue that violation of the statute should not be subject to negligence action for statutory violation because other sources may permit discovery of a defendant health care provider's identity. They assert that the identity of a defendant health care provider may be discovered because of the public nature of a proposed complaint filed with the Department of Insurance for purposes of medical review panel consideration. Acknowledging that the "practical effect" of the rules regarding the commencement of an action and the furnish-

---

[6] In the present case, shortly after the medical malpractice complaint was filed in court, the local newspaper published an article entitled "Woman sues local hospital, doctors over man's death." Appellant's App'x at 162.

ing of a summons is "that a health care provider must be identified in the summons to effect service," Judge Bailey in Hubbard held that such requirement "does not . . . eviscerate the requirement of anonymity in medical malpractice complaints embodied within I.C. 34-18-8-7." Hubbard, 807 N.E.2d 45, 51 n.2. We agree. Although the statutory requirement that the complaint not disclose the defendant's identity during the preliminary period of consideration by the medical review panel may be less than foolproof protection for the health care provider's good name and reputation, it serves a significant ameliorative function clearly intended by the legislature. We decline to countenance disregard of the provision.

We hold that the doctor's claim against the malpractice claimant and her attorneys for violation of the statutory defendant identity confidentiality provision presents a cognizable negligence action for violation of an express statutory duty. The importance of the right to seek a remedy for harm to one's reputation has been safeguarded in Indiana since 1851 by Article 1, section 12, of the Indiana Constitution.[7] Our decision today is consistent with the values thereby protected.

Separate from his statutory negligence claim, the doctor also contends that he is entitled to bring a private right of action for damages based on the same statutory violation. A violation of an obligation imposed by statute may give rise to a civil damage claim under traditional tort doctrine. Cantrell v. Morris, 849 N.E.2d 488, 497 (Ind. 2006). In Cantrell, 849 N.E.2d at 497, we quoted with approval the doctrine expressed in section 874A of the Second Restatement of Torts:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

Restatement (Second) of Torts § 874A (1979). This section is not intended to alter traditional tort law regarding negligence *per se* and public nuisance but "to supplement them and to indicate the potential effect on other torts of legislative provisions proscribing or requiring certain con-

---

[7] Section 12 provides in relevant part: "All courts shall be open; and every person, for injury done to him in his person, property, *or reputation*, shall have remedy by due course of law" (emphasis added).

duct."  *Id.* at cmt. e.  Because of the availability of a remedy for statutory negligence, however, we need not determine whether the statute creates a private cause of action.  Rubin, 550 N.E.2d at 329 n.4.

## Conclusion

Summary judgment was erroneously granted prohibiting Dr. Kho from asserting a statutory negligence claim against Ruby Miller, Deborah Pennington, and Findling Garau Germano & Pennington, P.C., for their undisputed violation of Indiana Code § 34-18-8-7(a)(1).  As to all other issues, we decline review of the Court of Appeals opinion and summarily affirm.  The case is remanded for further proceedings consistent with this opinion.

Boehm, J., concurs.  Shepard, C.J., concurs in result with separate opinion.  Sullivan, J., concurs in part and dissents in part with separate opinion in which Rucker, J., concurs.

11

**SHEPARD, C.J., concurring in result.**

Dr. Kho filed a common law claim of malicious prosecution, and it seems to me the trial court wrongly kept that claim from going to a jury, whether or not the medical malpractice statute creates some parallel private cause of action.

Kho's claim of malicious prosecution rests on two contentions: that attorney Pennington did not have probable cause to sue him rather than other possible defendants, and that Pennington should not have used his name in her complaint.

As to the first of these, I conclude that Pennington might well be right to say that Dr. Kho's name appeared on a sufficient number of the documents generated during the course of Tracy Merle Lee's treatment that she had grounds to include Kho in her lawsuit, at least pending further investigation.

I think the second part of Kho's claim can be analyzed on very straightforward common law grounds. Malicious prosecution consists of five elements: prosecution, without probable cause, with malice, termination in favor of the original defendant, and damage to the defendant. 19 Indiana Law Encyclopedia, Malicious Prosecution § 1 (2003). Pennington did not have any reason to use Kho's name. And, for malicious prosecution purposes, malice is merely "the doing of a wrongful act intentionally and without just cause or excuse therefor." Id., § 17. Personal hatred or revenge may be probative of malice, but it is not a necessary element of it, and the law permits a finding of this malice as either express or implied. Id. Using Kho's name in the complaint was "wrongful," because the statute expressly prohibits doing so, and there appears no "just cause or excuse therefor." That Pennington held no personal animosity toward Kho is not "just grounds or excuse" for using his name, and thus she was not entitled to summary judgment as respects malice.

For these reasons, I join in vacating summary judgment and remanding for trial.

1

**Sullivan, Justice, concurring in part and dissenting in part.**

Chief Justice Shepard's opinion addresses the issue presented to us by the parties in this case: whether the trial court was correct when it granted summary judgment to the defendants on plaintiff's malicious prosecution claim. However, I agree with the Court of Appeals that there was ample evidence suggesting Dr. Kho's possible involvement in Miller's treatment to warrant a finding of probable cause as a matter of law. Kho v. Pennington, 846 N.E.2d 1036, 1044 (Ind. Ct. App. 2006), citing Wong v. Tabor, 422 N.E.2d 1279, 1288 (Ind. Ct. App. 1981). With such a finding, summary judgment was appropriate because the absence of probable cause is an element of the tort of malicious prosecution. City of New Haven v. Reichhart, 748 N.E.2d 374, 378 (Ind. 2001).

For this reason, I concur in that part of Justice Dickson's opinion summarily affirming the decision of the Court of Appeals in favor of the defendants on the probable cause issue.

As to Justice Dickson's opinion in respect of plaintiff's ability to assert a statutory negligence claim against the defendants, I disagree for several reasons.

First, no claim of statutory negligence for violation of Ind. Code § 34-18-8-7(a)(1) is properly before this Court. The plaintiff's complaint asserted two claims: for malicious prosecution and for violating Ind. Code § 34-18-8-7(a)(1), both "without probable cause and with malice." (Appellant's App. at 10–11.) This is the way the plaintiff himself described his claims in his brief in opposition to summary judgment, id. at 85, and in his brief in support of his motion to correct errors, id. at 217. With due deference to our notice pleading requirements, I find no claim of statutory negligence in the complaint. In any event, no claim of statutory negligence was litigated in the trial court and statutory negligence is not mentioned by the plaintiff in his brief to this Court. While fleeting references to statutory negligence are buried deep in footnotes in the plaintiff's two trial court briefs, id. at 85 n.1 & 217 n.1, and two more are contained in his brief to the Court of Appeals, Appellant's Br. at 25 & 26, the Court of Appeals found that plaintiff had offered no argument on the issue and declined to address it. Kho, 846 N.E.2d at 1046 n.10.

In the absence of any argument on the issue from the plaintiff, the benefit of any response from the defendants, and any analysis or decision by the trial court or Court of Appeals, I do not believe that this case should be resolved on this basis.

Second, unlike Justice Dickson, I believe that Ind. Code § 34-18-8-7 sets forth procedural requirements which, if not followed, give rise to procedural and not substantive remedies. This Court has been firm in holding that the Medical Malpractice Act does not create new and additional causes of action. Chamberlain v. Walpole, 822 N.E.2d 959 (Ind. 2005). And, while Justice Dickson repeatedly refers to Ind. Code § 34-18-8-7(a)(1) as the "identity confidentiality provision," in point of fact, the statute does not require that the identity of a potential defendant in a medical malpractice proceeding be kept confidential, only that the potential defendant not be named in a complaint filed pursuant to Ind. Code § 34-18-8-7. For example, the summons filed with the Court pursuant to Indiana Trial Rule 4.15(B) will place the potential defendant's name in the public record. See also Hubbard v. Columbia Women's Hosp., 807 N.E.2d 45, at 50–51 n.2 (Ind. Ct. App. 2004). In addition, the proposed complaint filed with the Indiana Department of Insurance will also contain the potential defendant's name; these files are also open to public review. The fact that such disclosures are not prohibited, it seems to me, strongly supports the conclusion that the requirement of Ind. Code § 34-18-8-7(a)(1) was intended by the Legislature to be procedural and not substantive.

Third, if a claim of statutory negligence for violation of Ind. Code § 34-18-8-7(a)(1) was properly before us, the correct way to analyze the claim would be to ask whether the Legislature meant for the provisions of Ind. Code § 34-18-8-7(a)(1) to be enforced privately. Indeed, the availability of a private right of action is the question that the plaintiff in this case presented to us on transfer -- not any question of statutory negligence. We have long-standing analytical tools for addressing whether a statute contains an implied private right of action. The Court of Appeals applied those tools here and found none to be implied, a decision that Justice Dickson's opinion appears to affirm summarily, and I agree with that determination.

Rucker, J., concurs.

2