SULLIVAN, Justice,
concurring in part and dissenting in part.
Chief Justice Shepard’s opinion addresses the issue presented to us by the parties in this case: whether the trial court was correct when it granted summary judgment to the defendants on plaintiffs malicious prosecution claim. However, I agree with the Court of Appeals that there was ample evidence suggesting Dr. Kho’s possible involvement in Miller’s treatment to warrant a finding of probable cause as a matter of law. Kho v. Pennington, 846 N.E.2d 1036, 1044 (Ind.Ct.App.2006), citing Wong v. Tabor, 422 N.E.2d 1279, 1288 (Ind.Ct.App.1981). With such a finding, summary judgment was appropriate because the absence of probable, cause is an element of the tort of malicious prosecution. City of New Haven v. Reichhart, 748 N.E.2d 374, 378 (Ind.2001).
For this reason, I concur in that part of Justice Dickson’s opinion summarily affirming the decision of the Court of Appeals in favor of the defendants on the probable cause issue.
As to Justice Dickson’s opinion in respect of plaintiffs ability to assert a statutory negligence claim against the defendants, I disagree for several reasons.
First, no claim of statutory negligence for violation of Ind.Code § 34 — 18—8—7(a)(1) is properly before this Court. The plaintiffs complaint asserted two claims: for malicious prosecution and for violating Ind. Code § 34-18-8-7(a)(l), both “without probable cause and with malice.” (Appellant’s App. at 10-11.) This is the way the plaintiff himself described his claims in his brief in opposition to summary judgment, id. at 85, and in his brief in support of his motion to correct errors, id. at 217. With due deference to our notice pleading requirements, I find no claim of statutory negligence in the complaint. In any event, no claim of statutory negligence was litigated in the trial court and statutory negligence is not mentioned by the plaintiff in his brief to this Court. While fleeting references to statutory negligence are buried deep in footnotes in the plaintiffs two trial court briefs, id. at 85 n. 1 & 217 n. 1, and two more are contained in his brief to the Court of Appeals, Appellant’s Br. at 25 *218 <& 26, the Court of Appeals found that plaintiff had offered no argument on the issue and declined to address it. Kho, 846 N.E.2d at 1046 n. 10. In the absence of any argument on the issue from the plaintiff, the benefit of any response from the defendants, and any analysis or decision by the trial court or Court of Appeals, I do not believe that this case should be resolved on this basis.
Second, unlike Justice Dickson, I believe that Ind.Code § 84-18-8-7 sets forth procedural requirements which, if not followed, give rise to procedural and not substantive remedies. This Court has been firm in holding that the Medical Malpractice Act does not create new and additional causes of action. Chamberlain v. Walpole, 822 N.E.2d 959 (Ind.2005). And, while Justice Dickson repeatedly refers to Ind. Code § 34-18-8-7(a)(l) as the “identity confidentiality provision,” in point of fact, the statute does not require that the identity of a potential defendant in a medical malpractice proceeding be kept confidential, only that the potential defendant not be named in a complaint filed pursuant to Ind.Code § 34-18-8-7. For example, the summons filed with the Court pursuant to Indiana Trial Rule 4.15(B) will place the potential defendant’s name in the public record. See also Hubbard v. Columbia Women’s Hosp., 807 N.E.2d 45, 50-51 n. 2 (Ind.Ct.App.2004). In addition, the proposed complaint filed with the Indiana Department of Insurance will also contain the potential defendant’s name; these files are also open to public review. The fact that such disclosures are not prohibited, it seems to me, strongly supports the conclusion that the requirement of Ind.Code § 34 — 18—8—7(a)(1) was intended by the Legislature to be procedural and not substantive.
Third, if a claim of statutory negligence for violation of Ind.Code § 34-18-8-7(a)(l) was properly before us, the correct way to analyze the claim would be to ask whether the Legislature meant for the provisions of Ind.Code § 34-18-8-7(a)(l) to be enforced privately. Indeed, the availability of a private right of action is the question that the plaintiff in this case presented to us on transfer — not any question of statutory negligence. We have long-standing analytical tools for addressing whether a statute contains an implied private right of action. The Court of Appeals applied those tools here and found none to be implied, a decision that Justice Dickson’s opinion appears to affirm summarily, and I agree with that determination.
RUCKER, J., concurs.