DICKSON, Justice,
concurring in result.
In its order granting the Gordons’ motion for partial summary judgment, the trial court set forth the undisputed facts. Lisa Gordon was admitted to the Hospital on January 6, 1999, and that after a difficult labor, it was determined that “the neonate was in a breech position.” Jacob Gordon was “delivered by a low transverse caesarian section” at 2:30 on January 7, 1999, and during his hospital stay “became septic and developed a subdural hemato-ma” and other “abnormal neurological, respiratory and cardiac conditions.” Despite several unsuccessful attempts by the Gor-dons’ counsel to obtain the medical records, the Hospital reported as “missing” the nursing and narrative notes for January 6, 1999 from 7:45 p.m. through 2:00 p.m. on January 7, labor flow records for January 7 from 6:00 a.m. through 2:00 p.m., fetal heart monitor strips for January 7 from 2:50 a.m. through 2:00 p.m., and peri-operative nurses notes from the January 7 c-section. Appellant’s App’x at 199— 200.
On September 27, 2005, the Gordons filed with the Department of Insurance a proposed complaint against the Hospital for medical malpractice, pursuant to the Indiana Medical Malpractice Act. On September 5, 2006, the Gordons amended their proposed complaint, adding as additional defendants Dr. Richard Gard, Dr. Charles Marler, and Community Family Health Center. This amended complaint asserted medical negligence claims against the Hospital and each of the other defendants and in addition asserted in Count II a separate claim for “Third-Party Spoliation of Evidence” against the Hospital. Three days later, the Gordons filed the present action, Count I of which asserts “Third-Party Spoliation of Evidence” *192 against the Hospital, alleging that the missing records are essential to Jacob’s claims for medical negligence and that the Hospital’s spoliation of evidence proximately caused damage to Jacob. Id. at 6-8. The Gordons sought an order granting partial summary judgment against the Hospital “as to the issues of liability and proximate causation,” claiming that the Hospital breached its duty to maintain medical records and that such breach “makes it impossible for the plaintiff to pursue his medical malpractice claims both as to the issue of liability and as to the issue of proximate causation.” Id. at 24. The motion also requested a hearing on the sole remaining issue of damages. The trial court granted the Gordons’ motion and directed that its ruling be certified for interlocutory appeal at the Hospital’s request.
I respectfully depart from today’s majority opinion on several points but ultimately agree to reverse the grant of partial summary judgment, although on grounds not advanced by my colleagues.
I first disagree with the Court’s view that the Gordons’ spoliation claim against the Hospital should generally be deemed a claim of medical malpractice governed by the Indiana Medical Malpractice Act. Rather, I am in accord with the thoughtful analysis of the Court of Appeals, which emphasizes that the essence of the claimed misconduct by the Hospital in losing or destroying crucial records does not involve any exercise of professional medical judgment or care by the Hospital, and thus should not be subject to Act. Howard Regional Health System v. Gordon, 925 N.E.2d 458, 460 (Ind.Ct.App.2010).[1] More problematic to the Gordons is their express inclusion of a third-party spoliation claim against the Hospital in their already-pending proposed complaint under the Medical Malpractice Act. Whether this should have precluded jurisdiction of the trial court in the present action is not addressed by the trial court’s grant of partial summary judgment, nor by the majority today.
In addition, I depart from my colleagues’ unwillingness to hold that a violation of Indiana Code Section 16-39-7-1, requiring the Hospital to maintain its medical records, may support a private cause of action for negligence per se. In my view, the Court of Appeals comprehensively examined this question, properly applying our analysis in Kho v. Pennington, 875 N.E.2d 208 (Ind.2007), and other relevant authorities, to conclude that the statute “imposes on entities subject to the statute a duty to maintain their health records, and that a breach of that duty is negligence per se.” Gordon, 925 N.E.2d at 463.
Finally, with respect to the spoliation claim, the Court explains its decision to treat the Gordons’ spoliation action against the Hospital as a prohibited claim for first-party spoliation for the reason that it carries the same advantages and disadvantages as first-party claims. The import of this rationale is that, in their claims for medical negligence against the separate health care providers, the plaintiffs would be entitled to remedies penalizing the independent providers for the Hospital’s loss or destruction of crucial medical records. I do not agree that such non-Hospital defendants should be subjected to jury instructions authorizing adverse inferences of medical negligence, to the preclusion of defenses such as denial of negligence, or to other such remedies by reason of the Hospital’s misconduct. I thus disagree with the Court’s treating all the defendants to *193 gether to characterize the claim against the Hospital as one for first-party spoliation. The trial court correctly determined that, to the extent that the Gordons are claiming the loss of records impairs their medical negligence claim against the Hospital, such claim is a “first-party” spoliation claim. But as to the Gordons’ claim that the Hospital’s spoliation impedes their medical negligence claims against the other defendants, such claims are “third-party” spoliation claims.
While departing from the majority’s view that the Gordons’ claim against the Hospital is a prohibited first-party spoliation claim, I agree to reverse the trial court’s grant of partial summary judgment favoring the Gordons because of my belief that Indiana common law should not be expanded to permit third-party spoliation claims. In Gribben v. Wal-Mart Stores, Inc., 824 N.E.2d 349, 355 (Ind.2005), which involved a claim of first-party spoliation, we nevertheless acknowledged without holding that in third-party claims, “the fairness and integrity of outcome and the deterrence of evidence destruction may require an additional tort remedy when evidence is destroyed or impaired by persons ... not subject to existing remedies and deterrence.” In a subsequent case involving alleged third-party spoliation by the employer of an injured worker, we discussed the problem of proving causation and damages:
Proving damages in a third-party spoliation claim becomes highly speculative and involves a lawsuit in which the issue is the outcome of another hypothetical lawsuit. The jury must somehow find all the elements of a product liability case, immediately determining whether a product defect caused the injury, as opposed to inadequate maintenance, or other intervening events. The jury would be asked to determine what the damages would have been had the evidence been produced and what the col-lectibility of these damages would have been. We think this exercise often could properly be described as “guesswork.”
Glotzbach v. Froman, 854 N.E.2d 337, 341 (Ind.2006). Notwithstanding the “fairness and integrity of outcome” concerns in Gribben, upon further reflection I am persuaded that the problem of uncertain and speculative causation and damages will be a fatal obstacle to most third-party spoliation claims. Sympathy for the resulting wrongful harm incurred cannot, in my view, obviate the traditional tort law requirements for adequate proof of damages and causation.
The trial court granted partial summary judgment as to the Gordons’ third-party spoliation claim, finding that the Hospital breached its duty to maintain medical records, that the missing records are essential to the Gordons’ claims for medical negligence, and that the Hospital’s spoliation of evidence proximately caused damage to Jacob Gordon. While I conclude that (a) the Gordons’ spoliation claim does not necessarily fall within the constraints of the Indiana Medical Malpractice Act; (b) the undisputed evidence establishes that the Hospital breached its statutory duty to maintain medical records; and (c) the Gor-dons’ claim against the Hospital for loss of records that impairs their claims against the non-Hospital defendants is for third-party, not first-party spoliation; I am nevertheless persuaded that the elements of proximate cause and damages are not established in this third-party spoliation case. It is for this reason that I agree to reverse the grant of partial summary judgment.

. If the spoliation claim falls within the Medical Malpractice Act, then the propriety of the Gordons’ spoliation claim is not properly before the trial court, or this Court.