In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1634

CAROL ANN MAURER,

*Plaintiff-Appellant,*

*v.*

SPEEDWAY, LLC, #5487,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:12-cv-00704-CAN—**Christopher A. Nuechterlein**, *Magistrate Judge.*

ARGUED SEPTEMBER 16, 2014 — DECIDED DECEMBER 23, 2014

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges.*

BAUER, *Circuit Judge.* This appeal is from a judgment entered on a jury verdict in favor of defendant-appellee, Speedway, LLC ("Speedway"). Plaintiff-appellant, Carol Ann Maurer ("Maurer"), instituted a premises liability action against Speedway in Indiana state court for personal injuries sustained when she fell outside a Speedway gas station convenience store while trying to maneuver around a retail display of windshield washer fluid. Speedway removed the

case to the United States District Court for the Northern District of Indiana on the basis of diversity of citizenship. Prior to trial, the district court granted a motion *in limine* filed by Speedway, excluding as evidence a municipal ordinance which Maurer sought to introduce at trial in order to prove Speedway had notice that its retail display created an unreasonably dangerous condition by narrowing the adjacent walkway down to a width of 24 inches. The sole issue Maurer raises on appeal is whether the district court erroneously excluded the municipal ordinance. For the reasons set forth below, we affirm.

## I. BACKGROUND

On the afternoon of October 17, 2011, Maurer left her home to visit a nearby Speedway gas station convenience store. She had been to that Speedway store many times before; it was where she regularly purchased gasoline for her car. After parking in front of the store, Maurer walked along the sidewalk to the store's front entrance. A permanent retail display, which housed windshield wiper fluid at the time, sat on the sidewalk to the left of the double door entrance and narrowed the adjacent walking area to a width of 24 inches. As Maurer approached the entrance, she saw the display, stepped around it, and walked down the narrowed length of sidewalk. As she neared the end of the narrowed path she rolled her ankle off the sidewalk curb and fell, seriously injuring her left shoulder.

On July 16, 2012, Maurer filed a complaint for damages against Speedway in Indiana state court. The complaint alleged that Maurer slipped and fell and sustained physical injuries as a result of the carelessness and negligence of Speedway. The

district court conducted a pre-trial conference and set the deadline to complete discovery for July 15, 2013.

Five days prior to the close of discovery, Maurer informed Speedway via email that she was amending her witness list to include the City of South Bend Building Commissioner to authenticate "the City building code that incorporates the OSHA requirement for an unobstructed sidewalk of at least 36 inches." Five days later, on the close of discovery, Maurer filed her final list of witnesses and exhibits, which included the South Bend Building Commissioner, who would testify regarding the city building code, and an exhibit described: "Portion of the City of South Bend Building Code concerning unobstructed sidewalks." Maurer did not provide any further details regarding the building code provision until the pre-trial conference, 15 days before trial, when she gave Speedway a copy of South Bend Municipal Code Article 2 § 6-5(a)(1)(b) (the "Ordinance"). The Ordinance incorporates the Indiana Administrative Code ("IAC"), which incorporates the American National Standard Institute ("ANSI") requirements for accessible and usable buildings, specifically ANSI A117.1-2003. Chapter 4 of the ANSI requirements, entitled "Accessible Routes," provides at § 403.5 that the clear width of an accessible route shall comply with Table 403.5. Table 403.5 includes an illustration of a person in a wheelchair on a walkway and requires that an accessible route more than two feet in length must have a minimum width of 36 inches.

Speedway promptly filed a motion *in limine* to exclude the Ordinance from evidence at trial. The district court granted Speedway's motion and denied Maurer's motion to reconsider that ruling. The court excluded the evidence as irrelevant on

the ground that nothing in the complaint alleged a violation of the Ordinance and Maurer did not identify any discovery that suggested that theory either. The district court further determined that, even if relevant, the Ordinance should be excluded under Rule 403 because "springing the issue" on Speedway only a few weeks before trial unfairly prejudiced Speedway. The court also refused to take judicial notice of the Ordinance due to its lack of relevance and its potential to confuse the jury absent a witness to explain its application.

Trial began on February 18, 2014, and concluded the following day. At trial, Bronson Weaver, the Speedway store manager, testified that the retail display had been in the same location for approximately a year and a half to two years, and that the store had not received any complaints about the display or reports of injuries from customers falling off the curb near the display. Another store employee, Patrick Emig, testified that he was not aware of any complaints or injuries related to the retail display and that Speedway painted the sidewalk curb in front of the display yellow to "signify caution."

Outside the presence of the jury, Maurer's counsel tendered to the district court a proposed instruction on the Ordinance;[1]

---

[1] Maurer's proposed instruction: "When the events in this case happened South Bend Municipal Code Article 2, Section 6.5 (a)(1)(b) provided in part as follows:

> The City of South Bend Building Ordinance incorporates the Indiana Building Code that incorporates the American

(continued...)

the court recognized the instruction and rejected it. Maurer then made an offer of proof that, if allowed to call the City of South Bend Building Commissioner, he would certify that the Ordinance provides that a walking surface that is part of an accessible route to a building in the City of South Bend that is more than two feet in length must have a clear width of at least 36 inches. The jury returned a verdict in favor of Speedway. The verdict was entered as a final judgment on February 21, 2014. This appeal followed.

## II. DISCUSSION

The sole issue presented for review is whether the district court erroneously excluded the Ordinance from evidence. We review a district court's evidentiary ruling for abuse of discretion. Under this standard, "'we will not find error unless the court's decision was based on an erroneous conclusion of law or the record contains no evidence on which the court rationally could have based its decision … .'" *Mister v. Northeast Ill. Commuter R.R. Corp.*, 571 F.3d 696, 698 (7th Cir. 2009) (quoting *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 621

---

[1] (...continued)

National Standards Institute that provides that a walking surface that is part of an accessible route to a building that is more than two (2) feet in length must have a clear width of at least thirty-six (36) inches.

If you decide from a greater weight of the evidence that Defendant Speedway violated South Bend Municipal Code Section 6.5 (a)(1)(b), and that the violation was not excused, then you must decide Defendant Speedway was at fault."

(7th Cir. 2003)). And, even in the face of error, we will not reverse a judgment entered on a jury verdict unless the erroneous ruling violated the objecting party's substantial rights. *Smith v. Hunt*, 707 F.3d 803, 808 (7th Cir. 2013). "To meet that threshold, a significant chance must exist that the ruling affected the outcome of trial." *Id*.

The district court excluded the Ordinance under Federal Rules of Evidence 401 and 403. The court determined that the Ordinance was not relevant to any material issues raised in the case since it was not pleaded in Maurer's complaint or otherwise identified during discovery. Maurer insists that this ruling constitutes an error of law. According to Maurer, the Ordinance was relevant because it tended to show that Speedway was on notice that its retail display created an unreasonable risk of harm by narrowing the width of the adjacent walkway  to 24 inches. Since we conclude that the Ordinance was not relevant to Maurer's cause of action, we need not address the district court's unfair prejudice determination. *See* Fed. R. Evid. 402.

Because we are sitting in diversity, we apply Indiana substantive law. *See Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012) (noting that in diversity cases, state substantive law applies). Under Indiana law, the violation of a statute or ordinance constitutes evidence of a defendant's negligence only if "the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation." *Kho v. Pennington*, 875 N.E.2d 208, 212–13 (Ind. 2007). Speedway insists that the Ordinance was intended to protect people in wheelchairs because the relevant

portion of the incorporated ANSI standard is titled "Accessible Routes" and includes an illustration of a person in a wheelchair on a diagram of an accessible route. Speedway argues that the Ordinance is irrelevant because Maurer does not belong to the class of persons it was intended to protect. Maurer contests Speedway's interpretation on the ground that nothing in the Ordinance limits its applicability to people in wheelchairs.

Even a cursory review of the relevant provisions reveals that Speedway is in the right. South Bend Municipal Code Article 2 § 6-5(a)(1)(b) incorporates by reference Article 13 of Title 675 of the Indiana Administrative Code, which incorporates ANSI A117.1-2003 by reference. ANSI A117.1-2003 provides at Chapter 4 § 403.5 that a walkway greater than two feet in length must be at least 36 inches wide in order to comply with the standards of an "accessible route." The stated intent of the ANSI standards is to "allow a person with a physical disability to independently get to, enter, and use a site, facility, building, or element." American National Standard Institute, *Accessible and Usable Buildings and Facilities 2003* 1 (2004). Specifically, the technical criteria adopted in Chapters 3 through 9 (*i.e.*, including Chapter 4, the relevant Chapter here) of ANSI A117.1-2003 was designed to make buildings accessible to people with physical disabilities, such as "the inability to walk, difficulty walking, reliance on walking aids, blindness and visual impairment, deafness and hearing impairment, incoordination, reaching and manipulation disabilities, lack of stamina, difficulty interpreting and reacting to sensory information, and extremes of physical size." *Id.* Though true, as Maurer points out, that nothing in the

Ordinance or its sparse legislative history expressly limits the applicability of the incorporated ANSI standard to physically disabled persons, we think it would be remarkable if we held that South Bend officials sought to transform what is plainly meant to protect disabled persons into one protecting the general public; absent some indication to the contrary, we decline to discern such an intent. Because Maurer was neither disabled nor confined to a wheelchair, she does not fall within the class of persons that the Ordinance and incorporated ANSI standard was intended to protect. *See Rising Moore v. Red Roof Inns, Inc.*, 368 F. Supp. 2d 867, 870–71 (S.D. Ind. 2005) (excluding expert report regarding ANSI A117.1 as irrelevant to plaintiff's negligence action, in part, because plaintiff was not disabled). For this reason, the Ordinance was properly excluded as irrelevant and we need not determine whether it had to be pleaded in the complaint or otherwise identified during discovery.

Moreover, the parties do not dispute Maurer's status as an invitee and that Speedway thus owed Maurer a duty of reasonable care. As stated by the Indiana Supreme Court, a land owner is liable to harm caused to an invitee by a condition on the land only if the landowner: (1) knows of or through the exercise of reasonable care would discover the condition and realize that it involves an unreasonable risk of harm to such invitee; (2) should expect that the invitee will fail to discover or fail to protect against it; and (3) fails to exercise reasonable care in protecting the invitee against the danger. *Douglas v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990) (quoting Restatement (Second) of Torts § 343 (1965)). Accordingly, the district court instructed the jury as follows:

> To recover damages from Speedway, LLC, Carol Ann Maurer must have proven each of the following by the greater weight of the evidence:
>
> (1) Carol Ann Maurer was injured as a result of a condition on the property; and
>
> (2) Speedway, LLC:
>
> > (a) knew that the condition existed and realized that it created an unreasonable danger to customers, or should have discovered the condition and its danger;
> >
> > (b) should have expected that the customers would not discover or realize the danger of the condition, or would fail to protect themselves against it; and
> >
> > (c) failed to use reasonable care to protect the customers against the danger.

The undisputed facts on record do not suggest that Speedway should have expected that customers would not discover the danger, or would fail to protect themselves against it. This is an objective standard, focusing on whether a reasonable person would realize the danger and protect himself or herself from the danger. *Smith v. Baxter*, 796 N.E.2d 242, 244 (Ind. 2003) (explaining the court must apply an objective standard when assessing the landowner's duty); *Salima v. Sherwood South, Inc.*, 38 F.3d 929, 932 (7th Cir. 1994). A customer of reasonable prudence would readily observe the retail display and corresponding narrowed walkway (indeed, Maurer did here). A customer of reasonable prudence would also understand the

risks associated with traversing a narrowed walkway and protect against such risk by either taking extra precaution or opting for a different route of ingress. Maurer alleges nothing out of the ordinary about the conditions of the retail display or sidewalk that led to her fall (and which, hypothetically, could lead to a non-obvious condition). In a nutshell, the retail display presented an open and obvious condition. The retail display had been stationed in the same location for approximately a year and a half to two years and Speedway had never received a complaint about the display or reports of injuries from customers falling off the curb near the display. Even more, Speedway painted the sidewalk curb in front of the display yellow to signify caution. Consequently, Speedway had no reason to anticipate that Maurer would not discover the condition and protect herself against it just as every other customer apparently did, nor did Speedway fail to exercise reasonable care.

## III. CONCLUSION

For these reasons, the judgment entered below on behalf of Speedway is AFFIRMED.