NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 10, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2634

| | |
|---|---|
| EDWARD LATKO, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cv-4277-JBM |
| PHILIP COX, *Defendant-Appellee.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Edward Latko, a civil detainee, sued staff at the Illinois Department of Human Services' Rushville Treatment and Detention Facility for failing to respond adequately to his heart attack. The district court concluded that Latko stated a claim against Philip Cox, a staffer in Latko's residential wing who, Latko says, ignored his pleas for help.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The judge ultimately entered summary judgment for Cox, concluding that his actions were not objectively unreasonable. Because the judge overlooked material disputes of fact relevant to the reasonableness of Cox's response, we vacate the judgment with respect to Cox; otherwise, we affirm.

We recount the facts in the light most favorable to Latko. *See Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). Latko suffered a mild heart attack five months before the one at issue here; he also had a history of chest pains related to acid reflux. In late March 2016 Latko's chest pain worsened, and Cox sent him to the healthcare unit at least once. On the evening of April 1, 2016, Latko went to the healthcare unit for chest pain. There, after a short appointment (about 15 minutes) he was diagnosed with heartburn, given acid reflux and pain medication, and sent back to his room to rest. It is not clear from the record whether Cox was ever informed of this diagnosis.

Shortly after Latko returned to his room, his pain became so sharp that he screamed and cried. His roommate used the intercom to call Cox, who was stationed in a windowed control post about 60 feet away. He told Cox that Latko was in severe pain and seemed to be having a heart attack. Latko continued to scream for about 15 minutes, during which Cox remained at the control post. Cox later attested that he did not hear Latko, but four other detainees averred that they heard the cries.

Latko's roommate eventually helped him leave the room, and Latko took about five minutes to walk the short distance to the control post. Latko and another detainee say that they saw Cox and other staff members pointing and laughing at Latko. According to Cox, as soon as he saw Latko "hunched over and walking oddly" and "complain[ing] about chest pain," he "told someone in the control unit" to call the healthcare unit. Within another five minutes, someone arrived with a wheelchair.

Latko sued a number of Rushville staff members, as well as doctors and medical staff who cared for him before and after his bypass surgery, under 42 U.S.C. § 1983. After screening the complaint under 28 U.S.C. § 1915A, the district judge allowed Latko to proceed on a claim that Cox and unnamed staff members ignored his medical emergency, thereby prolonging his suffering and endangering his life, in violation of his rights under the Fourteenth Amendment. *See Pittman ex rel. Hamilton v. Madison County*, 970 F.3d 823, 830 (7th Cir. 2020).

By the time discovery closed, only Cox remained a defendant, and he moved for summary judgment. The judge granted that motion after determining that it was

undisputed that, once Cox became aware of Latko's distress, he promptly had someone call the healthcare unit. The judge acknowledged that Latko "introduced evidence to support that other residents heard him in extreme pain and distress for 15 minutes" but concluded that this did not create a material issue of fact because Cox reasonably treated the roommate's emergency call as merely "ominous" in light of Latko's diagnosis of heartburn less than an hour earlier, and he acted appropriately by telling a colleague to call the healthcare unit once Latko reached the control post. Latko unsuccessfully moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, then appealed.

On appeal, we construe Latko's *pro se* filings generously. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). Latko challenges the entry of summary judgment and specifically contests the judge's key conclusion that Cox reasonably "accepted the medical team's assessment" until Latko was in front of him. We therefore decline Cox's request to dismiss Latko's brief under Rule 28(a)(8) of the Federal Rules of Appellate Procedure.

As a threshold matter, we note that Latko failed to submit a compliant statement of undisputed material facts. *See* C.D. Ill. R. 7.1(D)(1)(b). Rather than strike his filing, the district court, in its discretion, consulted "other materials in the record." FED. R. CIV. P. 56(c)(3), namely the transcript of Latko's deposition, which Cox had submitted. *See Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 957 (7th Cir. 2021). Neither the district judge nor this court must comb the record in search of factual disputes, but we are "free to consider" the evidence placed in the summary-judgment record. *Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 285 (7th Cir. 2015). In this case we find it prudent to consider the same evidence that the district judge relied upon to fill in the gaps in the parties' submissions. *See Horne v. Elec. Eel Mfg. Co., Inc.*, 987 F.3d 704, 710 (7th Cir. 2021).

Reviewing the summary-judgment decision de novo, we ask whether Latko provided sufficient evidence that he faced an objectively serious threat to his health; whether Cox's response was objectively unreasonable under the circumstances; and whether Cox acted purposely, knowingly, or recklessly with respect to the consequences of his actions. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019); *id.* at 827 (Sykes, J., concurring); *Miranda v. Lake County*, 900 F.3d 335, 353–54 (7th Cir. 2018). There is no dispute that Latko had a medical emergency on April 1, 2016, so only Cox's response is at issue.

Latko calls attention to a factual dispute about Cox's knowledge in the approximately 15 minutes between Latko's return to his room and his arrival at the control post. Cox never addresses the call by Latko's roommate and does not provide an explanation for not responding to the emergency call (or calls). He asserts that he first became aware of Latko's distress based on his appearance when approaching the control post, whereas Latko and four other detainees swear that Latko's screaming could be heard throughout the residential wing. A jury might conclude that Cox, stationed just 60 feet from Latko's room, heard Latko before he saw him, calling into question whether Cox responded with the urgency the situation demanded.

It appears, however, that the district judge credited Cox's assertion that, despite the roommate's call, and the commotion, he was not aware of Latko's emergency until they were face-to-face. And the ruling also assumes that Cox was aware that the health-services staff had diagnosed heartburn and deferred to that opinion, but no evidence in the record supports this inference. The record that the district court consulted, viewed in the light most favorable to Latko, does not establish beyond dispute when Cox knew that Latko was in distress and how Cox responded. Given Latko's history of heart disease, and the possibility that he was having another heart attack, a guard's inaction for 15 minutes is enough to establish a prima facie legal claim.

The district judge did not believe that any factual dispute mattered, relying on *Hayes v. Snyder*, 546 F.3d 516, 527–28 (7th Cir. 2008), in concluding that Cox's conduct was reasonable as a matter of law because non-medical staff "are entitled to rely on the professional judgment of prison medical staff." Yet the record does not show beyond reasonable dispute that Cox knew of the acid-reflux diagnosis. What is more, the record does not establish that, if aware of this diagnosis, Cox was entitled to conclude that Latko was having another heartburn problem rather than another heart attack. In an emergency, non-medical staff may not ignore a detainee's complaints of serious medical issues "on the ground of not being a doctor"; the staff must "make an effort to find a doctor." *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015) (referring to deliberate indifference); *see Smego v. Mitchell*, 723 F.3d 752, 758 (7th Cir. 2013) (same under Fourteenth Amendment).

We also do not agree with the district judge that, as a matter of law, a 15-minute delay in summoning medical help was constitutionally insignificant. If a medical condition is serious and time-sensitive, as a heart attack certainly is, and help is easy to obtain, "even a brief, unexplained delay" in treatment may qualify as deliberate indifference. *Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017) (referring to a delay of

90 minutes) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 777–78 (7th Cir. 2015)). And Latko, a civil detainee, does not have to meet the onerous deliberate-indifference standard that applies under the Eighth Amendment. If a jury found all facts in Latko's favor, it could conclude that it was not objectively reasonable for Cox to wait to call for a wheelchair.

As for Latko's other arguments, we conclude that the various procedural and evidentiary rulings he challenges—which include denial of his motions to enter default judgment against or compel discovery from Cox, and the dismissal of claims against unserved John and Jane Doe defendants—were not abuses of discretion. *See Pittman*, 970 F.3d at 829. We specifically note, with respect Latko's motions for aid in obtaining counsel, that the judge fulfilled his duty by soliciting over a dozen attorneys to offer pro bono assistance and by extending Latko's deadlines in the meantime. Although the judge's efforts were unsuccessful, they were adequate because the judge lacked the power to compel a lawyer to represent Latko. *See McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020). Given the medical issues and the concerns that motivated the judge to attempt to recruit counsel in the first place, however, further efforts might be warranted if the case proceeds to trial. *See Eagan v. Dempsey*, 987 F.3d 667, 687 (7th Cir. 2021).

We VACATE the judgment with respect to Cox and REMAND for further proceedings consistent with this order; in all other respects, we AFFIRM the judgment.